UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIAH JEROME GRIFFIN,

                Plaintiff,

-against-

CORPORATION COUNSEL, et al.,

                Defendants.

22-cv-8521 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

      Jeremiah Jerome Griffin brought claims against the City of New York and various New York City Department of Corrections officers. Defendants move to dismiss Griffin's fifth amended complaint (FAC).[1] For the following reasons, Defendants' motion is GRANTED, but Griffin will be provided one final chance to amend his complaint.

## BACKGROUND

      Griffin claims that his constitutional rights were violated on May 27, 2022, because a state court judge granted an assistant district attorney's request to extend the grand jury proceeding deadline by 4 days. FAC at 4, Dkt. 57. Griffin says that instead of granting an extension, the judge should have dismissed his criminal case. *Id.* He also says that on May 22, 2022, his lawyer told the assistant district attorney that Griffin "was not adamant about testifying at the grand jury," which Griffin says was false. *Id.*

      The remainder of Griffin's claims relate to incidents during his pretrial detention at Rikers Island. First, he says that he was assaulted by other inmates while he was under the supervision of officers. Griffin says that Officer Nicholas Trocchia was accompanying him to the housing area when Griffin "was allegedly punched by another detainee." *Id.* at 5. Then, on December 24, 2022, he was physically assaulted and bitten by another inmate under the supervision of Officer Ortiz. *Id.* at 7.[2] And on February 21, 2023, he was assaulted by two inmates with a weapon, under the supervision of Officer Clarke. *Id.* He says that he received stitches. *Id.*

      Griffin also alleges he was "deadlocked to his cell" from July 24 to 28, 2022, during which time he was "food deprived" by Officers Patrick Fatorma and Alima Yakubu. *Id.* at 5. And Griffin says that during another incident a male corrections officer opened his cell, sprayed him with

---

[1] Certain officer defendants have not yet been served. But the legal arguments raised in the motion to dismiss apply with equal force to all the officers described in the fifth amended complaint.

[2] The Court uses only the last name of certain officers because Griffin does not provide the full name of those officers in his complaint.

pepper spray, and then shut and locked Griffin's cell. *Id.* at 6. He says he could not go to decontamination or seek medical attention until another guard took him four hours later. *Id.*

Finally, Griffin alleges that he was deprived of certain prison resources. First, Griffin says that from June to August 2022, he was deprived of the law library by Officers Mostif, Cardona, and Richards. *Id.* at 5. And Griffin says that he was denied barber shop services from January 2023 to March 2023, despite having multiple court appearances. *Id.*

## LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need not contain "detailed factual allegations," but must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Where, as here, the complaint was filed pro se, it must be construed liberally to raise the strongest arguments it suggests." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (cleaned up). Nonetheless, a pro se complaint must still state a plausible claim for relief. *Id.*

## DISCUSSION

At the outset, Griffin's claim related to the state court judge's decision in a state criminal proceeding is dismissed. This claim was dismissed in a prior order on Griffin's first complaint. Dkt. 5 at 5–6. That dismissal was based on the judge's immunity. Griffin has realleged that claim here without adding any additional facts that would warrant a different decision.

As explained below, the remaining claims are also dismissed for failure to state a claim.

### I.   Claims against individual officers

Liberally construing the complaint, Griffin appears to be bringing claims against individual officers under 42 U.S.C. § 1983, based on unconstitutional conditions of confinement. Since Griffin was a pretrial detainee at the time of these incidents, his claims are "governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause" of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). But this distinction is of little consequence since a "detainee's rights are 'at least as great as the Eighth Amendment protections available to a convicted prisoner.'" *Id.* (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). "A pretrial detainee may establish a § 1983 claim for allegedly unconstitutional conditions of confinement by showing that the officers acted with deliberate indifference to the challenged conditions." *Id.* This requires that Griffin allege an objective element (*i.e.*, "the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process") and a subjective element (*i.e.*, "the officer acted with at least deliberate indifference to the challenged conditions"). *Id.*

Griffin's first category of claims against individual officers relate to the officers' alleged failure to protect him from other inmates. While "[a]llowing an attack on an inmate to proceed without intervening is a constitutional violation in certain circumstances," *Rosen v. City of New*

2

*York*, 667 F. Supp. 2d 355, 359 (S.D.N.Y. 2009) (citation omitted), "[n]ot every injury that a prisoner suffers at the hands of another results in constitutional liability for the officials responsible for that prisoner's safety," *Taylor v. City of New York*, 2018 WL 1737626, at *11 (S.D.N.Y. Mar. 27, 2018). Here, the only facts Griffin alleges are the dates of the assault, the injuries sustained, and the officer on duty. Even assuming the objective element was sufficiently alleged, Griffin has not alleged any facts supporting an inference that the officers were deliberately indifferent to the conduct at issue. For example, Griffin does not allege that the officers had knowledge of the assaults, that they were present during the assaults, or that they did not attempt to intervene to stop the assaults. *See Bridgewater v. Taylor*, 698 F. Supp. 2d 351, 358 (S.D.N.Y. 2010).

      Griffin has also not alleged sufficient facts in support of his food-deprivation claim. A prison official can be found liable if he or she "knows of and disregards an excessive risk to inmate health or safety." *Phelps v. Kapnolas*, 308 F.3d 180, 185–86 (2d Cir. 2002). Griffin states that he was "food deprived" for five days. While this may be grounds for a § 1983 claim, the Court cannot make this determination absent further factual allegations. Namely, Griffin must allege whether he was denied all food during that period or, if he just denied certain meals, which meals and when.

      Similarly, Griffin has not alleged facts sufficient to support a claim based on an officer's use of pepper spray. "In the Second Circuit, a prison guard's use of a chemical agent ... on an inmate may, under certain circumstances, constitute unnecessary and wanton infliction of pain in violation of the Eighth Amendment." *Toliver v. New York City Dep't of Corr.*, 202 F. Supp. 3d 328, 335 (S.D.N.Y. 2016) (citation omitted); *see also Boomer v. Lanigan*, 2002 WL 31413804, at *5 (S.D.N.Y. Oct. 25, 2002) ("In the Second Circuit, the same standard applies to excessive force claims under the Fourteenth Amendment as applies under the Eighth Amendment."). That may well be the case here, but Griffin has not alleged any facts describing the circumstances related to the officer's use of the pepper spray. For example, Griffin does not allege whether he was warned about the use of the spray, whether the use of the spray was unprovoked, whether he was restrained when the pepper spray was administered, or whether the officer said or did anything indicating that the spray was administered with intent to cause harm. Because use of pepper spray is not *per se* unlawful, Griffin must allege more than just that pepper spray was administered by a guard.

      Finally, Griffin has failed to state a § 1983 claim based on the alleged denial of certain services. As to his claim related to the library, Griffin says he was "deprived of law library services" by certain officers for three months. FAC at 5. But since law libraries "do not represent constitutional rights in and of themselves," to state a claim "an inmate must show that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Benjamin v. Fraser*, 264 F.3d 175, 184–85 (2d Cir. 2001) (internal quotations omitted). Griffin has not alleged any facts to this effect. And Griffin's claims related to the prison's barber shop services fail because the denial of haircuts does not amount to a constitutional violation. *See Black v. Cuomo*, 101 F.3d 681 (2d Cir. 1996); *Banks v. Argo*, 2012 WL 4471585, at *4 (S.D.N.Y. Sept. 25, 2012).

      Given the lack of factual allegations in the complaint, the Court declines to consider at this stage whether any of the individual defendants are entitled to qualified immunity. *See also*

*McKenna v. Wright*, 386 F.3d 432, 434 (2d Cir. 2004) ("[A] a qualified immunity defense can be presented in a Rule 12(b)(6) motion, but that the defense faces a formidable hurdle when advanced on such a motion[.]").

## II. Claims against the City of New York

To the extent that Griffin is asserting any of these claims against the City of New York, these are also inadequately pleaded. For the city to be liable under § 1983, it is not enough that the municipality's employees or agents engaged in wrongdoing. Instead, "it must be the municipality's choices (as manifested through its policies and policymakers) that 'inflict[ ] the injury.'" *Persaud v. City of New York*, 2024 WL 2159852, at *10 (S.D.N.Y. May 14, 2024) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693–94 (1978)). To meet this standard at the pleading stage, Griffin must allege facts suggesting "either that his injury resulted directly from the enforcement of the municipality's policy or by showing a pattern demonstrating some kind of deliberate, unstated 'policy' (in *Monell*'s words, 'custom') that caused the injury." *Id.* at *11.

As explained above, the events outlined in Griffin's fifth amended complaint are described at a very high level of generality and only appear to reference isolated incidents. While Griffin "conclusorily alleges that certain [Defendants] were improperly trained or supervised," he "fails to state any facts whatsoever alleging that an officially adopted policy or custom of the City of New York was the cause of their injury." *Koger v. New York*, 2014 WL 3767008, at *9 (S.D.N.Y. July 31, 2014); *Ezagui v. City of New York*, 726 F. Supp. 2d 275, 284 (S.D.N.Y. 2010). Absent any factual allegations, Griffin fails to state a claim under § 1983 against the city. If Griffin wishes to pursue claims against the city, he must allege facts suggesting that the city or a city agency has a policy, practice, or custom that violated his rights.

\*   \*   \*

Defendants also argue that Griffin's complaint should be dismissed based on his failure to exhaust his administrative remedies. The Prison Litigation Reform Act (PLRA) provides: "No action shall be brought with respect to prison conditions under section 1983 … , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Failure to exhaust administrative remedies is an affirmative defense under the PLRA, not a pleading requirement." *Williams v. Correction Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016). The Court does not believe that Griffin's fifth amended complaint affirmatively evidences a failure to exhaust. So the Court will not resolve that defense at this stage.

## CONCLUSION

For the reasons described above, Griffin's fifth amended complaint is DISMISSED. Defendants say that the dismissal should be with prejudice because any amendment would be futile. But since the Court mainly dismisses Griffin's complaint based on his failure to allege sufficient facts, rather than a legal defect, the Court will give Griffin one last opportunity to amend. Griffin should file an amended complaint no later than **August 26, 2024**, Griffin should restrict the amended complaint solely to those events that he believes give rise to viable claims, and his

4

complaint must describe all the facts Griffin can recall related to the events at issue (*e.g.*, who was involved, what those people said and did during the events, how long the events lasted, the specific circumstances leading up to the events, etc.). This will be Griffin's last chance to amend.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: June 18, 2024
       New York, New York

                                                    _____
                                                    ARUN SUBRAMANIAN
                                                    United States District Judge