UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jeremiah Jerome Griffin,

                Plaintiff,

    -against-

City of New York et al.,

                Defendants.

22-CV-8521 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

      The Court issued an opinion on defendants' motion to dismiss on August 1, 2025. Dkt. 93. The motion was granted as to claims against the City of New York but denied as to claims against other moving defendants. *Id.* On August 4, 2025, two mailed filings from plaintiff Griffin were entered onto the docket. Dkts. 94 and 95. They are posted on the docket with an August 1, 2025 date, but both documents are dated July 25, 2025. On August 7, 2025, another mailed filing was entered onto the docket. Dkt. 96. It was posted with an August 6, 2025 date, but the document is dated July 31, 2025.

      The first filing, at Dkt. 94, requests that the Court "vacate any dismissal of this case or grant a 3 week extension for Plaintiff to [file] his opposition papers." Griffin gives no reason for why the Court's opinion should be vacated, and his request for an extension is non-specific and largely duplicative of his earlier request at Dkt. 92, which the Court denied in its opinion at Dkt. 93.

      The second filing, at Dkt. 95, is Griffin's opposition to defendants' motion to dismiss. As the Court explained in its opinion, Griffin has not sufficiently explained why his delay in opposing the motion to dismiss should be excused. As a result, the Court decided the motion to dismiss without an opposition brief. Having reviewed and considered the filing, however, it would not change the disposition of defendants' motion to dismiss. The filing appears to be a modified version of a brief or notes written for another plaintiff in another case. Many of the typed statements are inapplicable to Griffin's case, and the handwritten modifications and attached pages include additional facts in support of Griffin's claims. The Court granted defendants' motion as to the City of New York because Griffin did not adequately plead that there was a municipal policy or practice, and nothing in this new filing indicates the existence of such a policy or practice. The Court denied defendants' motion to dismiss as to the denial of food claim, and additional facts alleged in the filing bolster the Court's holding that Griffin adequately pled that claim. So the Court sees no reason to disturb its conclusions.

      The third filing, at Dkt. 96, is an unauthorized additional filing, and the Court need not consider it. *See Paravas v. Cerf*, 2022 WL 203168, at *2 (S.D.N.Y. Jan. 24, 2022) (collecting cases

declining to consider unauthorized filings from *pro se* parties). It contains additional factual allegations that again do not change the Court's rulings even if they were considered.

Griffin also requests that the Court issue a summons to Officer Clarke and he seeks a *Valentin* order for a Captain Dillard. As the Court stated in its opinion at Dkt. 93, it will separately issue an order of service as to defendants who have not yet been served. As to the *Valentin* order, defendants should respond on or before **August 25, 2025**, as to whether there are any defendants that are at this time unidentified so that they can be identified and properly served.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to terminate the motion at Dkt. 94.

      SO ORDERED.

Dated: August 11, 2025
       New York, New York

                                          ARUN SUBRAMANIAN
                                          United States District Judge